In the Matter of the Application of HORACE PETTIT, Petitioner,
for an Order of Mandamus against JAMES E. BOYLE and Others,
Trustees of the Village of Solvay, Respondents.

Supreme Court, Onondaga County, July 8, 1927.

**Villages — civil service — mandamus to reinstate petitioner, laborer, in light department of village of Solvay — petitioner was member of volunteer fire department from 1895 to 1905 and received certificate of exemption under Village Law of 1897, § 209 — petitioner was not then citizen — General Municipal Law, § 200, passed in 1908, does not deprive petitioner of rights as exempt fireman — summary dismissal of petitioner illegal under Civil Service Law, § 22.**

The fact that the petitioner was not a citizen of this country while he served as a member of the volunteer fire department, does not deprive him of the rights given to him by section 22 of the Civil Service Law. Although the petitioner would not be entitled to an exemption certificate under section 200 of the General Municipal Law, which was passed in 1908, that statute has no application, since at the time petitioner was a member of the volunteer fire department the qualifications specified in section 200 of the General Municipal Law were not in force, and that statute will not be given retroactive effect so as to deprive the petitioner of accrued rights.

MOTION for peremptory mandamus order.

*William Ryan,* for the petitioner.

*William H. Bowers,* for the respondents.

CHENEY, J. Petitioner was an employee, a laborer, in the electric light department of the village of Solvay, having served as such since 1921. On April 4, 1927, he was summarily removed from his position by the respondents, the board of trustees of such village. Petitioner served the village as a member of the volunteer fire department after he became eighteen years of age from 1895 to 1905, and on March 5, 1902, received from the village a certificate of five years' service, as provided by section 209 of the Village Law of 1897. On April 2, 1927, petitioner caused to be served upon the board of trustees of the village a claim of exemption from removal from office based upon his service as a volunteer fireman and attached thereto a copy of his certificate aforesaid and the board

caused an entry in its minutes to be made to the effect that petitioner had filed satisfactory proof that he had served the time required by law in the volunteer fire department of the village and was entitled to the benefits and privileges of section 22 of the Civil Service Law. On April 4, 1927, two days afterwards, the political complexion of the board having changed in the meantime, he was summarily removed from his position, without any charges being preferred or he being given any opportunity to be heard in his defense. He, therefore, brings this proceeding to obtain a mandamus order to restore him to his position.

There can be no doubt but that this is a gross violation of the spirit of the Civil Service Law, and it is seemingly a violation of its letter. The Civil Service Law (§ 22) provides that no person holding a position in any of the villages of the State " *who shall have served the term required by law in the volunteer fire department of any city, town or village in the State* " shall be removed except for incompetency or misconduct shown after a hearing upon due notice upon stated charges. Concededly the petitioner had served the requisite term in the volunteer fire department of the village of Solvay and concededly no charges were filed or hearing had prior to his removal.

Respondents allege, in justification for their acts, and the facts are admitted, that at the time he served in the volunteer fire department he was not a citizen of the United States, he being a native of England and not having been naturalized in the United States until 1920, and consequently was not an elector of the village of Solvay, and, therefore, was not an " exempt volunteer fireman " as that term is defined by section 200 of the General Municipal Law, originally passed in 1908, long after his term of service had expired.

At the time the petitioner rendered this service to the village it was not necessary that he should be an elector of the village or even a citizen. (Laws of 1870, chap. 291, tit. III, § 5.) By reason of such service he was entitled to certain privileges and exemptions. Some of them, it is true, such as exemption from jury duty and from military service, would be available only to a citizen, but others were not, notably the right to be saved from summary removal from the civil service, that provision having been inserted in the law in 1899 (chap. 370, § 21), and there being then no requirement that positions in the civil service could only be held by citizens. Unquestionably this right was only a privilege granted by the Legislature, and not a right in the strict sense of the word, and was a privilege which the Legislature could take away did it so desire. But the privilege exists until withdrawn, and being a privilege based

upon service to the public, should not be held to have been taken away by implication, but only by a plain expression of the legislative intent.   Section 200 of the General Municipal Law merely adds additional requirements to those who shall serve as volunteer firemen in order to be entitled to the exemptions attached to such service.   It only applies to the future as there is no language therein which would give it a retroactive effect.   That it was not intended to take away any privileges already enjoyed by those who had already earned them by service prior to January 1, 1902, especially the privilege here, is further evidenced by section 204 of the same act, which reads: " No person who became a member of a volunteer fire organization within the State since *the first day of January, nineteen hundred and two,* or who shall have thereafter become such member who shall not possess the qualifications prescribed by this article shall be entitled to any of the exemptions and privileges secured to volunteer firemen by the Civil Service Law of this State."   To hold that this law withdraws the privilege conferred upon those who had served previous to that time would make utterly meaningless the words " since the first day of January nineteen hundred and two," and would violate many rules of statutory construction.

As the petitioner became a member of the volunteer fire organization in 1895, and had served the full five years required to entitle him to the privilege before January 1, 1902, the privilege still exists as to him and he is entitled to assert it.

It follows, therefore, that he was illegally removed, and the peremptory mandamus order asked for is granted, with costs.